UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JULIANNE JONES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No.  24-00740 (UNA) |
| JOE BIDEN<br>*President of the United States*, | ) ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION

Plaintiff, appearing *pro se*, has filed a complaint against President Joe Biden and an application to proceed *in forma pauperis*. The Court will grant the application and dismiss the case.

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am*., 511 U.S. 375, 377 (1994) (citations omitted). It is "presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id*. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 8(a); 12(h)(3).

Plaintiff, a District of Columbia resident, asserts in relevant part that the government "must pay" her for her "research to STOP crimes, rapes and murders[.]" Compl. at 1 (emphasis in original). She seeks an "award" of $100 billion. *Id*.

Under the Tucker Act, jurisdiction over a case against the United States "not sounding in tort" for the requested amount rests exclusively with the U.S. Court of Federal Claims. 28 U.S.C. § 1491; *see Kidwell v. Department of Army, Bd. for Correction of Military Records*, 56 F.3d 279,

283 (D.C. Cir. 1995) (noting that "the 'Little Tucker Act' gives district courts concurrent jurisdiction with the Court of Federal Claims in most Tucker Act cases seeking less than $10,000") (citing 28 U.S.C. § 1346(a)(2)).  Nevertheless, federal courts "are without power to entertain claims otherwise within their jurisdiction if," as here, "they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, [or] obviously frivolous[.]" *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (internal quotation marks and citations omitted).  Therefore, this case will appropriately be dismissed.  *See* 28 U.S.C. § 1631 (requiring "[t]ransfer to cure want of jurisdiction" only "if it is in the interest of justice").  A separate order accompanies this opinion.

Date: April 15, 2024

_____/s/_____
TANYA S. CHUTKAN
United States District Judge